UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60209-RAR

**SARA RODRIGUEZ**,

    Plaintiff,

v.

**AUTONATION NISSAN PEMBROKE PINES**,
*a Florida Corporation*,

    Defendant.
_____/

**ORDER DISMISSING CASE**

**THIS CAUSE** comes before the Court upon *sua sponte* review of the record. On March 29, 2023, the Court entered an Order Granting Defendant's Motion to Compel Arbitration, [ECF No. 16], which stayed this case pending the conclusion of arbitration proceedings and required the parties to file "joint status reports every sixty (60) days, beginning on May 29, 2023." The parties' fourth status report ("Status Report"), [ECF No. 24], was filed on January 3, 2024. In that Status Report, the parties' informed the Court that arbitration was ongoing, and the final evidentiary hearing had been rescheduled for February 28, 2024. Status Report at 2. The parties' fifth status report was accordingly due on or before March 4, 2024. No status report was submitted. Consequently, on March 5, 2024, the Court entered an Order Requiring Status Report ("Order"), [ECF No. 25], directing that "on or before March 8, 2024, the parties shall fully comply with the Order and file a status report regarding the arbitration proceedings." Order at 1. The Order also cautioned the parties that failure to file the required status report may result in a dismissal of this case without further notice. *Id.*

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing and*

*Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  "The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."  *Id.* (citing Fed. R. Civ. P. 41(b)); *see also Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) ("Pursuant to Fed. R. Civ. P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court.").  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court."  *Equity Lifestyle Props., Inc.*, 556 F.3d at 1240 (quoting *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967)) (internal quotations omitted).

Dismissal is warranted here for failure to comply with the Court's March 5, 2024 Order and "to avoid congestion in the calendars of the District Court."  *See id.*  Here, the Court previously compelled the ongoing arbitration proceedings in this matter, and the most recent Status Report states that these proceedings are nearly concluded.  Status Report at 1.  Considering the nearly concluded arbitration proceedings, the record, the parties' failure to timely file their fifth status report, and the parties' failure to comply with the Court's March 5, 2024 Order, it is hereby

**ORDERED AND ADJUDGED** that this case is **DISMISSED** *without prejudice*.  Any pending motions are **DENIED AS MOOT**.  The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida this 11th day of March, 2024.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE